UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHRISTINE CASTELLANO, NICHOLAS
GRAVANTE, JR. and RICHARD
GRAVANTE,

    Plaintiffs,

v.                                        Case No: 2:16-cv-167-FtM-38CM

ELINOR GRAVANTE,

    Defendant.
_____/

# ORDER[1]

This matter comes before the Court on Defendant Elinor Gravante's Dispositive Motion to Dismiss or Stay, or, in the Alternative, Transfer (Doc. #17) filed on May 9, 2016. With the Court's leave, Plaintiffs Christine Castellano, Nicholas Gravante, Jr., and Richard Gravante filed a Response in Opposition to Defendant's Motion (Doc. #27) on June 13, 2016. Thus, Defendant's motion is ripe for review.

## BACKGROUND

Plaintiffs are the children of Defendant and her late husband, Nicholas Gravante, Sr.[2] The parties' relationship deteriorated shortly after Gravante Sr.'s death in March

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] Gravante Sr. appears to have played an important role in the parties' lives, for he functioned as the "lawyer, accountant and tax preparer for Plaintiffs, their children, and other entities, such as trust established by Plaintiff Gravante, Jr. and his wife for the benefit of their children." (Doc. #1 at ¶ 9).

2015, and has ultimately culminated in this action. Plaintiffs are all citizens of New York. Defendant, on the other hand, splits her time between New York and Florida.

The parties' strife is twofold. During Gravante Sr.'s lifetime, he amassed a real estate portfolio that included three properties in Brooklyn, New York and one property in Manhattan, New York (collectively the "Properties"). The rental income from the Properties exceeds $50,000 per month per building. (Doc. #1 at ¶ 7). Gravante Sr. eventually transferred legal title to the Properties to Plaintiffs but he continued to manage the Properties. Because of that arrangement, Gravante Sr. and Plaintiffs executed agreements that funneled the Properties' rental income to Gravante Sr. and Defendant exclusively (collectively the "Agreements"). (*Id.* at ¶ 8). Specifically, the Agreements provided

> all net rentals, after deducting operating costs for the property, are to be paid fifty (50%) percent to Nicholas A. Gravante, Sr. and fifty (50%) percent to Elinor R. Gravante or one hundred (100%) percent of the net rentals to be paid to the survivor of them throughout the rest of their natural lives.

(Doc. #1-1; Doc. #1 at ¶ 8).

According to Plaintiffs, however, the rental income was not paid to Gravante Sr. and Defendant as set forth above. (Doc. #1 at ¶ 11). Instead, for the past ten years or so, the rental income was "invested on behalf of Plaintiffs and paid to Plaintiffs by Nicholas Gravante, Sr. in consultation with Plaintiffs and solely for the benefit of Plaintiffs." (*Id.*). Defendant allegedly never objected to this arrangement prior to this litigation. (*Id.*).

The parties' dispute does not end there. The parties also disagree over residential property that Gravante Sr. owned in Connecticut – the so-called "Candlewood Isle Property." (*Id.* at ¶¶ 12-17). The Candlewood Isle Property has an appraised value of $1.2 million. (*Id.* at ¶ 12).

Approximately three months before Gravante Sr. died, he executed a Connecticut statutory short form power of attorney (Doc. #1-2 at 1) that named Defendant as his power of attorney. (Doc. #1 at ¶ 14). Naturally, the document was recorded in Fairfield County, Connecticut. (*Id.*). As Gravante Sr.'s power of attorney, Defendant deeded the Candlewood Isle Property to Plaintiffs. (Doc. #1-2 at 2-3). She signed the deed in Florida, but the instrument was record in Connecticut. (Doc. #1 at ¶ 15). Sometime thereafter, Defendant and Plaintiff Castellano had an argument "relating to which bedroom [Defendant] should sleep in during her planned visit to the Candlewood Isle Property." (*Id.* ¶ 27). This argument led to Defendant demanding ownership interest in the Candlewood Isle Property "based upon a purported rescission of the power of attorney and the deed transferring property." (*Id.* at ¶ 28).

Based on the foregoing events, Plaintiffs have initiated this two-count declaratory judgment suit against Defendant. The first claim regards the validity of the Agreements, namely whether Plaintiffs must pay Defendant all of the Properties' rental income. (*Id.* at ¶¶ 18-24). The second claim regards the ownership of the Candlewood Isle Property. (*Id.* at ¶¶ 25-31). Pertinent here, three weeks after Plaintiffs initiated this suit, Defendant commenced her own suit against Plaintiffs in the United States District Court for the Eastern District of New York ("EDNY") regarding the same properties and issues as this case.

## DISCUSSION

The merits of the parties' dispute are not presently before the Court. Instead, the Court must decide whether to dismiss or stay this case in favor of the EDNY action, or,

alternatively, transfer this case to that court pursuant to 28 U.S.C. § 1404. For the following reasons, the Court will transfer this case.

"For the convenience of parties and witness, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]" 28 U.S.C. § 1404(a). A district court has broad discretion in deciding whether to transfer an action to a more convenient forum. *See England v. ITT Thompson Indus., Inc.*, 856 F.2d 1518, 1520 (11th Cir. 1988); *Testa v. Grossman*, No. 5:15-cv-321, 2015 WL 6153743, at *2 (M.D. Fla. Oct. 19, 2015). The burden is on the moving party to show that the suggested forum is more convenient or that litigation there would be in the interest of justice. *See In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989). The decision to transfer a case under § 1404(a) should be based on "an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (citation omitted).

In resolving a § 1404(a) motion, the district court first determines whether the action could have originally been brought in the proposed district of transfer. If so, the court then weighs the convenience of the parties and considers the interests of justice to determine whether a transfer is appropriate. Here, it is undisputed that this action could have been brought in the EDNY. As such, the Court need only decide whether, out of convenience to the parties and in the interests of justice, it should transfer this action. To make this decision, the Court considers the following factors:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight

alternatively, transfer this case to that court pursuant to 28 U.S.C. § 1404. For the following reasons, the Court will transfer this case.

"For the convenience of parties and witness, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]" 28 U.S.C. § 1404(a). A district court has broad discretion in deciding whether to transfer an action to a more convenient forum. *See England v. ITT Thompson Indus., Inc.*, 856 F.2d 1518, 1520 (11th Cir. 1988); *Testa v. Grossman*, No. 5:15-cv-321, 2015 WL 6153743, at *2 (M.D. Fla. Oct. 19, 2015). The burden is on the moving party to show that the suggested forum is more convenient or that litigation there would be in the interest of justice. *See In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989). The decision to transfer a case under § 1404(a) should be based on "an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (citation omitted).

In resolving a § 1404(a) motion, the district court first determines whether the action could have originally been brought in the proposed district of transfer. If so, the court then weighs the convenience of the parties and considers the interests of justice to determine whether a transfer is appropriate. Here, it is undisputed that this action could have been brought in the EDNY. As such, the Court need only decide whether, out of convenience to the parties and in the interests of justice, it should transfer this action. To make this decision, the Court considers the following factors:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight

accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005) (citation omitted); *see also Testa*, 2015 WL 6153743, at *2.

Upon consideration of the foregoing factors, the Court finds that they weigh in favor of transferring this case. But for Defendant residing in Southwest Florida for part of the year and signing the deed during one such stint, there is no connection to the Middle District of Florida. Four of the five properties at issue are located in New York, and the fifth property is in Connecticut. All of the operative facts, relevant documents, and convenience of witnesses are tied to those states. New York or Connecticut law will also govern this case. And the EDNY is unquestionably the better-suited court to interpret and decide such state laws. Although a plaintiff's choice of forum is given due consideration, it "is accorded lesser weight where the choice of forum lacks any significant connection with the underlying claim." *Silong v. United States*, No. 5:05-cv-55, 2006 WL 948048, at *1 (M.D. Fla. April 12, 2006). Because the EDNY has the greatest nexus to this case, Plaintiffs' choice of forum does not alone offset the transfer. Finally, the undersigned is the only active district court judge in the Fort Myers Division with a vacancy that is deemed a judicial emergency, and will likely be the only active district court judge in the division for some time. Thus, a transfer will promote trial efficacy and the interests of justice.

Accordingly, it is now

**ORDERED:**

(1) Defendant Elinor Gravante's Dispositive Motion to Dismiss or Stay, or, in the Alternative, Transfer (Doc. #17) is **GRANTED.**

(2) The Clerk of Court is directed to **TRANSFER** this case to the United States District Court for the Eastern District of New York. The Clerk shall terminate all deadlines, any pending motions, and close the Fort Myers case file.

**DONE** and **ORDERED** in Fort Myers, Florida this 27th day of July, 2016.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record